# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANE MILLER,<br><br>   Petitioner,<br><br>v.<br><br>JAMES E. TILTON, Secretary of the<br>California Department of Corrections and<br>Rehabilitation,<br><br>   Respondent. | Civil No.05 CV 2007 J (NLS)<br><br>**REPORT & RECOMMENDATION OF<br>U.S. MAGISTRATE JUDGE RE:<br>DEFENDANT'S MOTION TO DISMISS<br>PETITION FOR WRIT OF HABEAS<br>CORPUS**<br><br>[Doc. No. 12] |

**I.**

**INTRODUCTION**

  Shane Arthur Miller ("Petitioner"), a California prisoner proceeding *pro se*, filed a Petition for Writ of Habeas Corpus ("Petition") under 28 U.S.C. § 2254 on October 19, 2005. Petitioner challenges his confinement on the basis that (1) trial court exceeded its jurisdiction by applying the habitual criminal statute absent sufficient evidence; (2) Petitioner received an illegal sentence due to ineffective assistance of trial counsel; and (3) he has a right, under the fourteenth amendment, to have his state habeas petition heard on the merits. [Doc. No. 1] Respondent filed a Motion to Dismiss the Petition [Doc. No. 12], arguing that the Petition should be dismissed with prejudice because it is barred by the applicable statute of limitations and Petitioner is not entitled to equitable tolling. Petitioner did not file an opposition, nor did he request an extension of time in which to do so. The Court then set an order to show cause ("OSC") as to why the Motion to Dismiss should not be granted. Petitioner never filed a

1  response to the OSC.

2  After a thorough review, the Court **RECOMMENDS** that Respondent's Motion be **GRANTED**
3  and the Petition be **DISMISSED** with prejudice as untimely.

## II.

## BACKGROUND

**The Incident**[1]

On December 11, 1995, Thomas Woody ("Woody") and Billy McCullon ("McCullon") were in San Ysidro after returning from a night in Tijuana. As the two men crossed the street towards the parking lot, a red Blazer passed at high speed, circled back, and stopped at the other end of the street. The occupants of the Blazer exchanged words with Woody and McCullon, then exited the vehicle and began to follow the men.

Woody and McCullon started to run when McCullon saw that one of the men following them had a baseball bat. The man with the bat swung at McCullon but the bat only nicked a button or snap on his shirt. McCullon then ran towards the parking lot entrance while Woody tried to get away by climbing a fence. Two of the attackers pulled Woody off the fence and began to beat him. The third man returned to the others and hit Woody in the head with the bat. Woody felt additional blows as he tried to protect his head. Woody felt at least two set of hands going through his pockets after he heard someone say something such as "get his wallet; get everything."

When McCullon reached the parking lot he asked the attendant to call 911. Officer Angel Rivera was approximately four miles north of the where the incident occurred when he received a radio call that a red Blazer was involved in an assault and robbery. About three or four minutes after the call, Officer Rivera saw a red Blazer matching the description. Petitioner, the owner and driver of the Blazer, and two other men, Eric Barajas ("Barajas") and Marcos Garcia ("Garcia"), were found in the vehicle. Woody's wallet was found in Garcia's sweatshirt and an aluminum baseball bat was found on the floor of the Blazer. McCullon was able to positively identify Barajas and Garcia as two of the

---

[1] Unless otherwise noted, these facts are summarized from the Court of Appeal, Fourth Appellate District Opinion No. D027598 [Lodgment 4, at 2-5]. *See Garvin v. Farmon*, 258 F.3d 951, 952 (9th Cir 2001) (paraphrasing facts from the state appellate court opinion). The lodgment did not include any of the trial court transcripts.

attackers; however, he was not completely sure whether Petitioner was the third attacker with the bat. At trial, Barajas and Garcia identified Petitioner as the third attacker with the bat.

**Trial.**

A jury found Petitioner guilty of two counts of assault while using a deadly weapon, one of which included the infliction of great bodily injury.  Additionally, Petitioner was convicted of one count of robbery while using a deadly weapon and inflicting great bodily injury.  The trial court added a consecutive five year-year term for a prior serious felony conviction. [Lodgment 2, at 2.]

**The Appeal.**

Petitioner filed a notice of appeal on December 5, 1996. [Lodgment 1, at 4.]  The California Court of Appeal, Fourth District, Division One, affirmed the judgment on September 15, 1998. [Lodgment 4.]  On October 26, 1998, Petitioner filed a petition to review the appellate court's unpublished decision. [Lodgment 5.]  The California Supreme Court denied the petition on December 2, 1998. [Lodgment 6.]

**State Petitions For Writ of Habeas Corpus.**[2]

*San Diego Superior Court*

Petitioner's first state petition for Writ of Habeas Corpus was deemed filed in San Diego Superior Court on June 15, 1999.[3] [Lodgment 8.]  On August 19, 1999, the San Diego Superior Court denied the petition in part, and issued an order for respondent to show cause as to why Petitioner was not entitled to relief on the grounds of ineffective counsel. [Lodgment 9.]  The court ultimately denied the petition on August 10, 2000. [Lodgment 14.]  A second petition with the superior court was deemed

---

[2] Due to the extensive procedural history and overlapping of petitions, the petitions are not discussed in chronological order, rather they are categorized according to the court in which they were filed.

[3] Under the mailbox rule, federal and state habeas petitions are deemed filed at the time they are delivered to prison authorities for forwarding to the court. *Huizar v. Carey*, 273 F.3d 1220, 1223 (9th Cir. 2001).  For the purpose of determining when a petition was filed here, this Court adopts the date Petitioner signed the declaration of mailing. *See Smith v. Duncan*, 297 F.3d 809, 814-15 (9th Cir. 2002) (ruling that the petition was deemed filed on the date the petitioner signed the declaration of mailing). Absent proof of mailing, as is the case for Lodgment Nos. 15, 17, 23, 25, 27, and 29, the Court adopts the date the petition was signed by the *pro se* petitioner. *See Bui v. Hedgpeth*, 2007 U.S. Dist. LEXIS 74889 (C.D. Cal. 2007) (citing *Washington v. United States*, 243 F.3d 1299, 1300 (11th Cir. 2001); *Marsh v. Soares*, 223 F.3d 1217, 1218 (10th Cir. 2000)).  Despite the relevant authority regarding interpretation of the mailbox rule, the Attorney General's Office erroneously cites to the date stamp as the date filed for the purposes of calculating the tolling period.

1  filed on September 4, 2001.  [Lodgment 15.]  On October 4, 2001, the petition was denied. [Lodgment
2  16.]  A third and final petition with the superior court was deemed filed on November 13, 2001.
3  [Lodgement 17.]  On November 30, 2001, this petition was also denied [Lodgment 18.]

### *California Court of Appeal*

Petitioner's first habeas petition with the California Court of Appeal was deemed filed on April 13, 2001. [Lodgment 19.]  On July 18, 2001, the Court of Appeal denied the petition.  [Lodgment 20.]  A second petition was deemed filed with the court on November 13, 2001. [Lodgment 23.]  On January 17, 2002, the petition was denied. [Lodgment 24.]  A third and final petition with the court was deemed filed on December 21, 2001.  [Lodgment 25.]  On February 28, 2002, this petition was also denied. [Lodgment 26.]

### *California Supreme Court*

Petitioner's first habeas petition with the California Supreme Court was deemed filed on August 29, 2001.  [Lodgment 21.]  On December 19, 2001, the California Supreme Court denied the petition. [Lodgment 22.]  A second petition was deemed filed with the court on March 20, 2002. [Lodgment 27.] On July 24, 2002, the petition was denied. [Lodgment 28.]  A final state habeas petition was deemed filed with the court on November 5, 2004. [Lodgment 29.]  On September 21, 2005, this petition was also denied. [Lodgment 30.]

### *U.S. District Court*

The Petition to this Court was deemed filed on October 19, 2005.  The Court dismissed the case the following month for failure to pay the filing fee.  In January 2007 the Court reopened the case, after Petitioner notified the Court that he had never received a response from the Court regarding his Petition.

### III.

### ANALYSIS

**AEDPA Governs This Petition.**

This petition is governed by the provisions of the Antiterrorism and Effective Death Penalty Act of 1996  ("AEDPA").  *See Lindh v. Murphy*, 521 U.S. 320, 336  (1997).   Under AEDPA, a federal court will not grant habeas relief with respect to any claim adjudicated on the merits in state court unless the decision was (1) contrary to or involved an unreasonable application of clearly established federal law; or

(2) based on an unreasonable determination of the facts in light of the evidence presented.  28 U.S.C. § 2254(d); *Early v. Packer*, 537 U.S. 3, 7-8 (2002).

A state court decision is "contrary to" clearly established federal law if  (1) the state court reaches a conclusion on a question of law that is opposite to that reached by the United States Supreme Court; or (2) the state court decides a case differently than the Supreme Court has based on materially indistinguishable facts.  *Bell v. Cone*, U.S. 685, 694 (2002); *Lockyer v. Andrade*, 538 U.S. 63, 73 (2003).  A state court decision is an "unreasonable application" of federal law when (1) a governing rule of law is correctly identified but unreasonably applied to the facts of the case; or (2) the court unreasonably extends a legal principal of Supreme Court precedent to an inappropriate context, or refuses to extend a legal principal in a case where it should apply.  *Andrade*, 538 U.S. 63 at 75.  Additionally, the state court's factual determinations are presumed to be correct and the petitioner has the burden to rebut this presumption by "clear and convincing evidence."  28 U.S.C. § 2254(e)(1).

**Statute of Limitations**.

The AEDPA imposes a one-year period of limitation on petitioners to file a federal petition for writ of habeas corpus.  28 U.S.C. § 2244(d)(1).  As amended, Section 2244, subdivision (d) reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

1    Respondent contends that the statute of limitations began to run on March 3, 1999, and absent
2 statutory tolling by reason of a properly filed state petition for collateral review it would have expired on
3 March 3, 2000 (MTD Mem. at 13.)   Respondent concedes that Petitioner is entitled to statutory tolling
4 for **411** days, thereby extending the expiration of the statute of limitations to April 18, 2001.  However,
5 Respondent argues that because the instant petition was not filed until October 19, 2005, more than four
6 and one-half years after the statute of limitations expired, and because Petitioner is not entitled to
7 additional periods of statutory or equitable tolling to justify the late petition, it should be dismissed as
8 untimely. (MTD Mem. at 13-16).
9    Respondent is correct that, generally, the conviction of a state prisoner who is denied direct
10 review from the state court of last resort becomes final for purposes of section 2244(d)(1)(A) either upon
11 the expiration of the 90-day period to seek a writ of certiorari from the United States Supreme Court (if
12 the defendant does not file a certiorari petition), or when the Supreme Court denies the certiorari petition
13 (if the defendant files such a petition).  *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999).
14     Here, Petitioner did not file a petition for certiorari to the United States Supreme Court.
15 Accordingly, Petitioner's conviction became final on March 2, 1999, ninety days after the period to seek
16 a writ from the United States Supreme Court expired.  The statute of limitations on his federal habeas
17 petition began to run the next day, March 3, 1999. *See Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th
18 Cir. 2001).  Therefore, this court agrees that absent tolling periods, the last day Petitioner could have
19 timely filed a federal habeas petition would have been March 3, 2000.  However, the court concludes that
20 by reason of statutory tolling, Petitioner had an additional **518** days until August 3, 2001, to file a habeas
21 petition in this court.   The court agrees, however, that Petitioner is not entitled to any further statutory
22 tolling or to equitable tolling, so his federal petition, filed over four years too late should be dismissed
23 with prejudice.

24                                  **A.** *Statutory Tolling*

25    A petitioner's statute of limitations is tolled while a "properly filed" state habeas corpus petition
26 is "pending" in the state court.  28 U.S.C. § 2244(d)(2).  Under the holding of *Nino v. Galaza*, 183 F.3d
27 1003, 1006 (9th Cir. 1999), the "statute of limitations is tolled from the time the first state habeas petition
28 is filed until the California Supreme Court rejects the petitioner's final collateral challenge," provided the

petitions were properly filed and pending that entire time. However, the time between filings in California courts is not covered under the "pending" language of Section 2244(d)(2) if the petition is ultimately found to be untimely. *Evans v. Chavis*, 546 U.S. 189, 198 (2006) (citing the Court's previous holding in *Carey v. Saffold*, 536 U.S. 214 (2002)). In an absence of a clear indication that the petition was untimely, the federal court must examine the case and determine whether the petition was filed within what California courts would consider a "reasonable time." *Id*. In *Evans,* the Supreme Court concluded that California would most likely find a 6-month unexplained delay "unreasonable." *Id*. at 201.

In this case, the statute of limitations would have expired on March 3, 2000; however, Petitioner filed a state habeas petition with the San Diego Superior Court. Pursuant to the mailbox rule, the petition was deemed filed on the date he signed it, June 15, 1999. [*See* Lodgement No. 8.] Therefore, the statute of limitations was tolled for a period of 422 days until the San Diego Superior Court denied the habeas petition on August 10, 2000. [*See* Lodgment 14.]

On August 10, 2000, Petitioner had until April 29, 2001, to file a federal petition for writ of habeas corpus. Petitioner filed his second habeas petition with the California Court of Appeal, deemed filed on April 13, 2001, approximately eight months after judgment on the first petition. [*See* Lodgment 19.] The California Court of Appeal denied the petition on July 18, 2001. [*See* Lodgment 20.] Under *Evans*, the eight month delay between the decision on the first petition and the filing of the second petition in the Court of Appeal would be considered "unreasonable" despite the Court of Appeal's silence as to timeliness of the petition. Therefore, the time between August 10, 2000, and April 13, 2001 is not covered under the "pending" language of Section 2244(d)(2). Thus, on July 18, 2001, Petitioner had fourteen days, or until August 3, 2001, before the statute of limitations expired. The next state habeas petition with the California Supreme Court was not deemed filed until August 29, 2001, after the limitation period had expired. [*See* Lodgment 21.] The Ninth Circuit has held that Section 2244(d) does not allow the reinitiation of the limitations period when the federal statute of limitations has ended before the state petition was filed. *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003), *cert denied*, 540 U.S. 924 (2003). Thus, the subsequent state habeas petition filed on August 29, 2001 does not afford Petitioner an extension of the limitations period.

Petitioner does not contend that he is entitled to an alternative calculation of the statute of limitations under Section 2244(d)(1)(B)-(D), nor, based on the facts before the court, does one appear applicable. Consequently, absent equitable tolling, Petitioner's federal habeas petition filed on October 19, 2005 is untimely under AEDPA.

### *B. Equitable Tolling*

The one-year period of limitations under AEDPA is subject to equitable tolling when "'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time." *Calderon v. U.S. Dist. Ct*, 128 F.3d 1283, 1288 (9th Cir. 1997) (overruled in part, but on other grounds by *Calderon v. U.S. Dist. Ct (Kelly)*, 163 F.3d 530 (1998)) (citing *Alvarez-Machain v. United States*, 107 F.3d 696, 701 (9th Cir. 1996). Petitioner holds the burden to prove that equitable tolling is appropriate, and must establish (1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstance stood in his way. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *see also Espinoza-Matthews v. California*, 432 F.3d 1021, 1026 (2005). The determination of whether a petitioner is entitled to equitable tolling is "highly fact-dependent." *Espinoza-Matthews*, 432 F.3d at 1026 (citing *Whalem/Hunt v. Early*, 233 F.3d 1146, 1148 (9th Cir. 2000).

Respondent contends that Petitioner is not entitled to equitable tolling due to his own failure to exercise due diligence. (MTD Mem. at 16.) Petitioner does not affirmatively state that he is entitled to equitable tolling in his federal habeas petition, as he did not file an opposition challenging Respondent's contentions, and he never responded to the Court's OSC. And, nothing in the record indicates that equitable tolling is appropriate here. Therefore, based on the facts before the Court, Petitioner is not entitled to equitable tolling for this Petition.

### IV.

### CONCLUSION

Petitioner failed to file his federal habeas petition within the one-year period of limitation imposed by AEDPA. He has also failed to prove that he is entitled to statutory or equitable tolling. Therefore, the undersigned Magistrate Judge **RECOMMENDS** that respondent's Motion to Dismiss be **GRANTED** and that Petitioner's Petition be **DISMISSED** with prejudice.

This report and recommendation by the undersigned Magistrate Judge is submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28, United States Code, Section 636(b)(1).

**IT IS ORDERED** that no later than ***November 30, 2007*** any party to this action may file written objections with the Court and serve a copy on all parties.  The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties no later than ***December 10, 2007***.  The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

**IT IS SO ORDERED.**

DATED:  November 9, 2007

Hon. Nita L. Stormes
U.S. Magistrate Judge