# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANE MILLER, | Civil Case No. 05cv2007 J (NLS) |
| Petitioner, | **ORDER GRANTING RESPONDENT'S MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS** |
| v. | |
| JAMES E. TILTON, Secretary of the California Department of Corrections and Rehabilitation | |
| Respondent. | |

Before the Court is Respondent's Motion to Dismiss Petition for Writ of Habeas Corpus ("MTD"). [Doc. No. 12.] Magistrate Judge Nita L. Stormes has issued a Report and Recommendation ("R&R") recommending that the Court grant Respondent's MTD. [Doc. No. 14.] Petitioner has not filed Objections to the R&R. For the reasons set forth below, this Court **ADOPTS** the R&R and **GRANTS** Respondent's Motion and **DISMISSES** the Petition with prejudice as untimely.

*Introduction*

Shane Arthur Miller ("Petitioner"), a California prisoner proceeding *pro se*, filed a Petition for Writ of Habeas Corpus ("Petition") under 28 U.S.C. § 2254 on October 19, 2005. Petitioner challenges his confinement on the basis that (1) the trial court exceeded its jurisdiction by applying the habitual criminal statute absent sufficient evidence; (2) he received an illegal sentence due to ineffective assistance of trial counsel; and (3) he has a right, under the Fourteenth Amendment, to have his state habeas petition heard on the merits. [Doc. No. 1.] Respondent filed a Motion to Dismiss the Petition ("MTD"), arguing that the Petition should be dismissed with prejudice because it is barred by the applicable statute of limitations and Petitioner is not entitled to equitable tolling. [Doc. No. 12.] Petitioner did not file an opposition, nor did he request an extension of time in which to do so. The Court then issued an order to show cause ("OSC") as to why the MTD should not be granted. [Doc. No. 13.] Petitioner never filed a response to the OSC. After a thorough review, the Court **GRANTS** Respondent's Motion and **DISMISSES WITH PREJUDICE** Petitioner's Petition.

*Background*

**The Trial:**

On July 15, 1996, a jury found Petitioner guilty of two counts of assault while using a deadly weapon, one of which included the infliction of great bodily injury. (Lodgment 2, at 2.) Additionally, Petitioner was convicted of one count of robbery while using a deadly weapon and inflicting great bodily injury. (*Id.*) The trial court added a consecutive five year term for a prior serious felony conviction. (*Id.*)

**The Appeal:**

Petitioner filed a notice of appeal on December 5, 1996. (Lodgment 1, at 4.) The California Court of Appeal, Fourth District, Division One, affirmed the judgment on September 15, 1998. (Lodgment 4.) On October 26, 1998, Petitioner filed a petition to review the appellate court's unpublished decision. (Lodgment 5.) The California Supreme Court denied the petition on December 2, 1998. (Lodgment 6.)

**State Petitions For Writ of Habeas Corpus**:

### *San Diego Superior Court*

Petitioner's first state petition for Writ of Habeas Corpus was deemed filed in San Diego Superior Court on June 25, 1999.[1] (Lodgment 8.) On August 19, 1999, the San Diego Superior Court denied the petition in part, and issued an order for Respondent to show cause as to why Petitioner was not entitled to relief on the grounds of ineffective counsel. (Lodgment 9.) The court ultimately denied the petition on August 10, 2000. (Lodgment 14.) A second petition with the superior court was deemed filed on September 4, 2001. (Lodgment 15.) On October 4, 2001, the petition was denied. (Lodgment 16.) A third and final petition with the superior court was deemed filed on November 13, 2001. (Lodgement 17.) On November 30, 2001, this petition was also denied. (Lodgment 18.)

### *California Court of Appeal*

Petitioner's first habeas petition with the California Court of Appeal was deemed filed on April 13, 2001. (Lodgment 19.) On July 18, 2001, the Court of Appeal denied the petition. (Lodgment 20.) A second petition was deemed filed with the court on November 13, 2001. (Lodgment 23.) On January 17, 2002, the petition was denied. (Lodgment 24.) A third and final petition with the court was deemed filed on December 21, 2001. (Lodgment 25.) On February 28, 2002, this petition was also denied. (Lodgment 26.)

### *California Supreme Court*

Petitioner's first habeas petition with the California Supreme Court was deemed filed on August 29, 2001. (Lodgment 21.) On December 19, 2001, the California Supreme Court denied

---

[1] Under the mailbox rule, federal and state habeas petitions are deemed filed at the time they are delivered to prison authorities for forwarding to the court. *Huizar v. Carey*, 273 F.3d 1220, 1223 (9th Cir. 2001). For the purpose of determining when a petition was filed here, this Court adopts the date Petitioner signed the declaration of mailing. *See Smith v. Duncan*, 297 F.3d 809, 814-15 (9th Cir. 2002) (ruling that the petition was deemed filed on the date the petitioner signed the declaration of mailing). Absent proof of mailing, as is the case for Lodgment Nos. 15, 17, 23, 25, 27, and 29, the Court adopts the date the petition was signed by the *pro se* petitioner. *See Bui v. Hedgpeth*, 2007 U.S. Dist. LEXIS 74889 (C.D. Cal. 2007) (citing *Washington v. United States*, 243 F.3d 1299, 1300 (11th Cir. 2001); *Marsh v. Soares*, 223 F.3d 1217, 1218 (10th Cir. 2000)). Despite the relevant authority regarding interpretation of the mailbox rule, the Attorney General's Office erroneously cites to the date stamp as the date filed for the purposes of calculating the tolling period.

the petition. (Lodgment 22.) A second petition was deemed filed with the court on March 20, 2002. (Lodgment 27.) On July 24, 2002, the petition was denied. (Lodgment 28.) A final state habeas petition was deemed filed with the court on November 5, 2004. (Lodgment 29.) On September 21, 2005, this petition was also denied. (Lodgment 30.)

### *U.S. District Court*

The Petition to this Court was deemed filed on October 19, 2005. The Court dismissed the case the following month for failure to pay the filing fee. In January 2007 the Court reopened the case, after Petitioner notified the Court that he had never received a response from the Court regarding his Petition.

### *Legal Standard*

**I. Statute of Limitations**:

The AEDPA imposes a one-year period of limitation on petitioners to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, section 2244, subdivision (d) reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of
>
>     (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>     (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>     (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>     (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

**II. Reviewing a Magistrate Judge's R&R**

The district court's duties in connection with a magistrate judge's R&R are set forth in Rule 72(b) of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1). *See* Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1). The district court must "make a *de novo* determination of those portions of the report ... to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667, 676 (1980). "When no objections are filed, the district court may assume the correctness of the magistrate judge's findings of fact and decide the motion on the applicable law." *Johnson v. Nelson*, 142 F. Supp. 2d 1215, 1217 (S.D. Cal. 2001). "Under such circumstances, the Ninth Circuit has held that 'a failure to file objections only relieves the trial court of its burden to give *de novo* review to factual findings; conclusions of law must still be reviewed *de novo*.'" *Id.* (quoting *Barilla v. Ervin*, 886 F.2d 1514, 1518 (9th Cir. 1989)). In this case, Petitioner did not file objections to the R&R. Accordingly, this Court will conduct a *de novo* review of conclusions of law.

*Discussion*

The conviction of a state prisoner who is denied direct review from the state court of last resort becomes final for purposes of section 2244(d) either upon the expiration of the 90-day period to seek a writ of certiorari from the United States Supreme Court (if the defendant does not file a certiorari petition), or when the Supreme Court denies the certiorari petition (if the defendant files such a petition). *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999).

Here, the California Supreme Court had denied Petitioner's petition to review the appellate court's decision on December 2, 1998. (Lodgment 6.) Petitioner did not file a petition for writ of certiorari to the United States Supreme Court. Accordingly, Petitioner's conviction became final on March 2, 1999, ninety days after the period to seek a writ from the United States Supreme Court expired. The statute of limitations on his federal habeas petition began to run the next day, March 3, 1999. *See Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001). Therefore, this Court agrees with Respondent's assertion that absent tolling periods, the last day

Petitioner could have timely filed a federal habeas petition would have been March 3, 2000. (MTD at 13.)

Respondent concedes that Petitioner is entitled to statutory tolling by reason of a properly filed state petition for collateral review for 411 days, thereby extending the expiration of the statute of limitations to April 18, 2001. (*Id*.) However, Respondent argues that because the instant petition was not filed until October 19, 2005, more than four and one-half years after the statute of limitations expired, and because Petitioner is not entitled to additional periods of statutory or equitable tolling to justify the late petition, it should be dismissed as untimely. (*Id*. at 13-16.)

However, the Court concludes that by reason of statutory tolling, Petitioner had an additional 518 days until August 3, 2001, to file a habeas petition in this Court. The Court agrees, however, that Petitioner is not entitled to any further statutory tolling or to equitable tolling. Therefore, Petitioner's federal habeas petition, filed over four years after the completion of the time allotted for him to seek this review, should be dismissed with prejudice.

**I. Petitioner Is Not Entitled to Further Statutory Tolling**

A petitioner's statute of limitations is tolled while a "properly filed" state habeas corpus petition is "pending" in the state court. 28 U.S.C. § 2244(d)(2). Under the holding of *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999), the "statute of limitations is tolled from the time the first state habeas petition is filed until the California Supreme Court rejects the petitioner's final collateral challenge," provided the petitions were properly filed and pending that entire time. However, the time between filings in California courts is not covered under the "pending" language of Section 2244(d)(2) if the petition is ultimately found to be untimely. *Evans v. Chavis*, 546 U.S. 189, 198 (2006) (citing the Court's previous holding in *Carey v. Saffold*, 536 U.S. 214 (2002)). In an absence of a clear indication that the petition was untimely, the federal court must examine the case and determine whether the petition was filed within what California courts would consider a "reasonable time." *Id*. In *Evans,* the Supreme Court concluded that California would most likely find a 6-month unexplained delay "unreasonable." *Id*. at 201.

In this case, the statute of limitations would have expired on March 3, 2000; however, Petitioner filed a state habeas petition with the San Diego Superior Court. Pursuant to the mailbox rule, the petition was deemed filed on the date Petitioner signed it, June 25, 1999. (*See* Lodgement No. 8.)  Therefore, the statute of limitations was tolled for a period of 422 days until the San Diego Superior Court denied the habeas petition on August 10, 2000. (*See* Lodgment 14.)  On August 10, 2000, Petitioner had until April 29, 2001, to file a federal petition for writ of habeas corpus.

Petitioner filed his second habeas petition with the California Court of Appeal, deemed filed on April 13, 2001, approximately eight months after judgment on the first petition in the San Diego Superior Court. (*See* Lodgment 19.)  The California Court of Appeal denied the petition on July 18, 2001. (*See* Lodgment 20.)  Under *Evans*, in which the court held that a six month delay was unreasonable, the eight month delay in this case between the decision on the first petition and the filing of the second petition in the Court of Appeal would also be considered "unreasonable" despite the Court of Appeal's silence as to timeliness of the petition. *Evans*, 546 U.S. 189 at 201.  Therefore, the time between August 10, 2000, and April 13, 2001 is not covered under the "pending" language of Section 2244(d)(2).  Thus, on July 18, 2001, Petitioner had sixteen days, or until August 3, 2001, before the statute of limitations expired.

The next state habeas petition with the California Supreme Court was not deemed filed until August 29, 2001, after the federal statute of limitations period had expired. (*See* Lodgment 21.)  The Ninth Circuit has held that Section 2244(d) does not allow the reinitiation of the limitations period when the federal statute of limitations has ended before the state petition was filed. *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003), *cert denied*, 540 U.S. 924 (2003).  Thus, the subsequent state habeas petition filed on August 29, 2001 does not afford Petitioner an extension of the limitations period.

Petitioner does not contend that he is entitled to an alternative calculation of the statute of limitations under Section 2244(d)(1)(B)-(D), nor, based on the facts before the Court, does one appear applicable.  Consequently, absent equitable tolling, Petitioner's federal habeas petition filed on October 19, 2005 is untimely under AEDPA .

**II. Petitioner Is Not Entitled To Equitable Tolling**

The one-year period of limitations under AEDPA is subject to equitable tolling when "'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time." *Calderon v. U.S. Dist. Ct*, 128 F.3d 1283, 1288 (9th Cir. 1997) (overruled in part, but on other grounds by *Calderon v. U.S. Dist. Ct (Kelly)*, 163 F.3d 530 (1998)) (citing *Alvarez-Machain v. United States*, 107 F.3d 696, 701 (9th Cir. 1996). Petitioner holds the burden to prove that equitable tolling is appropriate, and must establish (1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstance stood in his way. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *see also Espinoza-Matthews v. California*, 432 F.3d 1021, 1026 (2005). The determination of whether a petitioner is entitled to equitable tolling is "highly fact-dependent." *Espinoza-Matthews*, 432 F.3d at 1026 (citing *Whalem/Hunt v. Early*, 233 F.3d 1146, 1148 (9th Cir. 2000).

Respondent contends that Petitioner is not entitled to equitable tolling due to his own failure to exercise due diligence. (MTD at 16.) Petitioner does not affirmatively state that he is entitled to equitable tolling in his federal habeas petition, as he did not file an opposition challenging Respondent's contentions, and he never responded to the Court's OSC. And, nothing in the record indicates that equitable tolling is appropriate here. Therefore, based on the facts before the Court, Petitioner is not entitled to equitable tolling for this Petition.

///
///
///
///
///
///

## *Conclusion*

Accordingly, this Court **FINDS** that Petitioner failed to file his federal habeas petition within the one-year period of limitation imposed by AEDPA. He has also failed to prove that he

is entitled to statutory or equitable tolling. Therefore, this Court **ADOPTS** the R&R, **GRANTS** Respondent's Motion to Dismiss, and **DISMISSES** Petitioner's Petition with prejudice.

**IT IS SO ORDERED**.

DATED: February 5, 2008

_____
HON. NAPOLEON A. JONES, JR.
United States District Judge

cc: Magistrate Judge Nita L. Stormes
    All Counsel of Record